

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,796-04 AND WR-83,796-05

### EX PARTE JOSHUA EARLY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. D-1-DC-08-904122 IN THE 403RD DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance, and was sentenced to six years' imprisonment. He did not appeal his conviction.

This Court originally received Applicant's -04 application on September 28, 2015. Based on inaccurate information that Applicant had discharged his sentence on May 8, 2015, this Court erroneously dismissed the application on October 14, 2015. On November 2, 2015, this Court received the -05 application. It was discovered that Applicant had not, in fact, discharged his

sentence in this case, but was being held on a pre-revocation warrant awaiting disposition of new charges. Therefore, this Court has elected to withdraw the previous dismissal of the -04 application on its own motion, and to consider the merits of the claims raised in both the -04 and -05 applications. The habeas records in both cases are lacking much of the information necessary to the resolution of Applicant's claims. There are no affidavits from trial counsel or from TDCJ, no answers from the State, and no findings of fact from the trial court.

In the -04 application, Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance by failing to timely establish an attorney-client relationship, failing to protect Applicant's right to a speedy trial, failing to challenge the search, seizure and arrest in this case, and failing to demonstrate an understanding of the law applicable to the case. As noted above, there is no affidavit from trial counsel in the record.

The record in the -04 case contains a copy of a "re-indictment," which charges possession of a controlled substance in Penalty Group 2 (MDMA) in an amount of four grams or more but less than 400 grams, with a single prior felony enhancement. The offense as charged was a second degree felony, enhanced to first degree felony punishment range.

The -04 record also contains a copy of a plea agreement, signed by Applicant, trial counsel, the prosecutor, and the trial judge. The plea agreement appears to show that the State offered to waive the enhancement allegation and allow Applicant to plead guilty to possession of less than four grams of MDMA, in exchange for a three-year sentence and consideration of two additional charges under Texas Penal Code §12.45. The offense as reduced by the specified agreement would have been a third degree felony, but the same plea documents show that Applicant was admonished as to

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

the punishment range for a second degree felony. The judgment and sentence for this same cause number indicates that Applicant pleaded guilty to the second degree felony offense of possession of an unspecified quantity of methamphetamine, a substance in Penalty Group 1, and received a six-year sentence. There is nothing in the record to indicate why the plea agreement shows a plea of guilty to possession of less than four grams of a substance in Penalty Group 2 in exchange for a three-year sentence, but the judgment shows a conviction for possession of a controlled substance in Penalty Group 1 and a six-year sentence.

In the -05 application, Applicant alleges that he is being improperly held on the pre-revocation warrant past his maximum discharge date, awaiting disposition of new charges. Although Applicant concedes that the pre-revocation warrant issued before his sentence would have been successfully discharged on parole, he alleges that the pre-revocation warrant is preventing him from making bond or retaining counsel for the new charges. Although Applicant is not entitled to a final revocation hearing within a specified time because of the new charges, he is entitled to a preliminary hearing within a reasonable time, unless he waives such a preliminary hearing. *Ex parte Cordova*, 235 S.W.3d 735 (Tex. Crim. App. 2007).

Applicant has alleged facts in both applications that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel in the -04 application. Specifically, counsel shall state when he was appointed

or retained to represent Applicant, and when he met with Applicant to discuss the case for the first time. Counsel shall state whether he advised Applicant of his options regarding pleading guilty or taking the case to trial. Counsel shall state whether he considered filing a motion to suppress or otherwise challenging the search, seizure and arrest in this case. Trial counsel shall state whether the controlled substance which Applicant was charged with possessing was tested, and if so, whether the substance was MDMA as charged in the indictment, or methamphetamine as shown on the judgment. Counsel shall state whether there was a plea agreement calling for a three-year sentence, as suggested by the plea documents in the record, and if so, how Applicant ended up with a six-year sentence.

The trial court shall also order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit, stating whether Applicant is currently being held pursuant to a pre-revocation warrant, and whether he is facing new charges. If Applicant is being held on a pre-revocation warrant, the affidavit shall state the dates of the issuance and execution of such warrant. The affidavit shall state whether Applicant has been advised of his rights in the revocation process, and if so, whether he has waived his right to a preliminary hearing. If Applicant has not waived his right to a preliminary hearing, the affidavit shall state whether Applicant has been afforded such a hearing. The affidavit shall state whether Applicant has been afforded a final revocation hearing, and if so, whether his parole has been revoked. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the habeas record with all of the documents relevant to Applicant's plea and conviction in this case, including the original indictment and any re-indictments, the trial docket, any pre-trial motions filed and ruled on prior to the plea, any documents showing the results of testing performed on the controlled substance(s) in this case, all of the plea papers, and any evidence introduced in support of the plea. In addition, the trial court shall supplement the record with copies of the pre-revocation warrant, the State's motion to revoke Applicant's parole, any documents showing that Applicant was informed of his rights in the revocation process, and any waivers of his rights in the revocation process, including any waiver of a preliminary or final revocation hearing.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to whether Applicant has been afforded all of his rights in the revocation process, and whether his parole has been revoked or not. If Applicant's parole has been revoked, the trial court shall make findings as to whether Applicant was granted credit for time he spent on parole prior to revocation, and as to whether he has discharged his sentence in this case. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.


Filed: November 25, 2015
Do not publish